IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| SwissMarine Asia Pte. Ltd., § <br> § <br> Plaintiff, § <br> § CIVIL ACTION NO.: <br> vs. § <br> § IN ADMIRALTY, Rule 9(h) <br> Mosaic Fertilizer, LLC § <br> § <br> Defendant, § <br> § <br> and § <br> § <br> Wells Fargo Bank, N.A. § <br> Wells Fargo Bank, National Association § <br> Fifth Third Bank, National Association § <br> Truist Bank § <br> § <br> Garnishees. § | |

**VERIFIED COMPLAINT WITH REQUEST FOR ISSUE OF
PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT**

SwissMarine Asia Pte. Ltd. ("SwissMarine") brings this action against Mosaic Fertilizer, LLC ("Mosaic Fertilizer") *quasi in rem* pursuant to Supplemental Rule B for Certain Admiralty and Maritime Claims, requesting the issue of writs of maritime attachment and garnishment including to Garnishees and states as follows:

**Jurisdiction and Venue**

1. This is an action within this Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333 and is an admiralty or maritime claim within Fed. R. Civ. P. 9(h).

2. Venue is proper in this District because Garnishees are within the meaning of Supplemental Rule B located, can be found, and/or can be served with process in this District.

3. Venue is also proper in this District because Defendant's property is or soon will be in this District, namely, one or more bank accounts held by Garnishees.

4. Defendant cannot be found in this District within the meaning of Supplemental Rule B.

5. SwissMarine further brings this action pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §8 to assist and to obtain security for arbitration which SwissMarine has initiated in New York under the rules of the Society of Maritime Arbitrators, Inc. pursuant to its contract of affreightment with Mosaic Fertilizer, as set out further below.

## The Parties

6. SwissMarine is a Singapore company which operates ocean-going vessels and enters into charters and contracts of affreightment for those vessels, including the for the contract of affreightment and charter party for the M/V PRESINGE ("Vessel") which is the subject of this action.

7. Mosaic Fertilizer is a Delaware LLC which mines and imports fertilizer and related products, and which chartered the Vessel from SwissMarine for the import of fertilizer and related products from Peru to New Orleans.

8. Garnishees as more fully detailed below are either banking entities which by information and belief hold Mosaic Fertilizer accounts, or which are dealers of Mosaic Fertilizer products.

## Facts

9. On December 20, 2018, SwissMarine and Mosaic Fertilizer entered into a Contract of Affreightment ("COA") providing for Mosaic Fertilizer to charter vessels from SwissMarine for the shipment of phosphate rock from Peru to the United States, at either the ports of New

Orleans or Tampa.  The COA provides for agreed freight  and other rates and for the nomination of vessels to provide for the ocean shipment. The COA further provides for arbitration, as set out above.

10. On July 16, 2021, Mosaic Fertilizer per the COA nominated the Vessel for carriage of phosphate rock from Peru to the United States, at either the ports of New Orleans or Tampa as set out in the COA.

11. On July 27, 2021, Mosaic Fertilizer declared that Tampa (Port Manatee) would be the Vessel destination.  On August, 9, 2021, the Vessel arrived at Peru (Port Bayovar) for loading, and the Vessel departed Peru on August 13, 2021 with the destination of Tampa.

12. Per the COA on August 18, 2021, however, the Vessel's master communicated that Vessel will not unload at Port Manatee, and Mosaic Fertilizer consequently choose per the COA to divert the Vessel to New Orleans.

13. Mosaic Fertilizer thereafter caused bills of lading for the cargo to be issued which designated New Orleans, on the bill of lading, as the discharge port.

14. On August 22, 2021, the Vessel arrived at Southwest Pass at the mouth of the Mississippi River, and then proceeded upstream to Dockside Anchorage, where it remained until August 27, 2021 because of  stevedoring and weather delays.

15. The Vessel departed Dockside Anchorage on August 27, 2021, but on that day, the U.S. Coast Guard, New Orleans issued a Captain of the Port Order, constraining maritime operations on the Mississippi River.

16. The Vessel finally was able to arrive at its intended discharge location, Associated Terminals, on September 26, 2021 and completed discharge on October 5, 2021.

17. Mosaic Fertilizer claims that a *force majeure* event occurred because of Hurricane Ida and constrained maritime operations on the Mississippi River, that it gave written *force majeure* notice on September 3, 2021, and that because of such event, Mosaic Fertilizer does not have to pay SwissMarine for the additional time taken to discharge the Vessel ("demurrage" and "laytime"), properly charged to Mosaic Fertilizer under the COA and charter party for the Vessel. The COA provides in pertinent parts:

> 13.2. As a condition to trigger this clause, the party declaring Force Majeure must make a written notice to the other party stating the start date and describing with reasonable specificity the Force Majeure event, promptly after becoming aware of it.
>
> 13.3. Force Majeure at the Discharge Port. If Force Majeure is declared while the performing vessel is sailing to or at the discharge port, then:
>
> > (a) for the first 8 days after the (i) giving of notice of Force Majeure or (ii) arrival of the vessel at the discharge port, any time lost shall not count as laytime;
> >
> > (b) Thereafter, any time lost shall count;
> >
> > (c) No later than 20 calendar days after the arrival of the vessel at the discharge port (if the Force Majeure event should continue so long) Charterers shall identify an alternative discharge port to which the vessel can promptly sail, and Charterers and Owners agree to negotiate in good faith to agree on an additional amount of freight to compensate Owners for the cost of the deviation to the alternative discharge port as well as the time lost past the 20 days.

Laytime accordingly did not run for the 8 days either after Mosaic's September 3, 2021 written notice or "arrival at the discharge port."

18. Other pertinent COA clauses include the following:

> 7.4. Charterer to pay demurrage at loading and discharging ports, if incurred. The demurrage rate will be determined for each performing vessel as the Baltic Exchange Supramax Index (BSI) "Tess 58" Weighted Timecharter Average (all 10 timecharter routes) (B5I58) of the day the vessel nomination is due or the previous day if not reported plus an amount of $2,000/day necessary to cover the cost, of port fuel consumption.
>
> \* \* \*

11.3. Laytime at Discharge. The allowed laytime at discharge is calculated with reference to (i) for Mississippi River discharge, a discharging rate of 15,000 (fifteen thousand) metric tons per weather working day of 24 consecutive hours SHINC (Sundays and holidays included) and for Tampa discharge, a discharging rate of 8,000 (eight thousand) metric tons per weather working day of 24 consecutive hours SHINC (Sundays and holidays included), and (ii) the total bill of lading weight plus the quantity on which any deadfreight was calculated for that shipment.

\* \* \*

11.6 Excepted Periods

(c) In the event that the performing vessel is prevented from moving to its load or discharge berth due to weather, laytime (or time on demurrage if on demurrage) will continue to run during the time so lost unless a vessel occupying the relevant load or discharge berth is actually prevented from working due to the weather (even if it is loading or discharging goods other than the Cargo), in which case the time so lost will not to count as laytime, but will count as time on demurrage if the performing vessel is already on demurrage.

The COA is clear that after the 8 days of laytime that does not count consequent to a properly-noticed force majeure event, "(b) Thereafter, any time lost shall count [.]" The COA always contemplated that there could be a force majeure event which delays discharge more than 8 days, but that beyond the 8 days, "any lost time shall count."

19.  Under COA para. 13.3 (c), its contemplated that the Vessel would remain in the designated port, a further 12 days past the 8 "free" days on declaration of a force majeure event: "No later than 20 calendar days after the arrival of the vessel at the discharge port (if the Force Majeure event should continue so long) Charterers shall identify an alternative discharge port . . . . The force majeure event extended beyond 8 days ( which would not matter under the COA, even if it did; at any rate – landfall at Louisiana was 28th August, and Ida had dissipated two days later by the 30th). The COA considers that after the 8 days there still could be the situation that the vessel can't discharge during laytime that begins to run again, after force majeure declaration, and that time – whether laytime or demurrage, "shall count."

20. Despite SwissMarine's repeated demand that Mosaic Fertilizer pay for the Vessel and its charter party as the COA and charter party requires, Mosaic Fertilizer has refused to pay as Mosaic Fertilizer agreed to do. Because of Mosaic Fertilizer's breach and non-payment, SwissMarine is entitled to recovery against Mosaic Fertilizer the principal overdue amount of $1,060,139.95, interest, all costs of these proceedings and of the arbitration, pursuant to the COA, charter party and SwissMarine's statement to of freight to Mosaic Fertilizer.

### Specific Allegations - Garnishees

21. **Wells Fargo Bank, N.A. and Wells Fargo Bank, National Association**: Mosaic Fertilizer caused payments under the COA to be made to Swiss Marine from an account kept by Garnishees Wells Fargo Bank, N.A. and/or Wells Fargo Bank, National Association, Account No. 00000447250[last four digits omitted].

22. **Fifth Third Bank, National Association and Truist Bank**: Mosaic Fertilizer on or about June 15, 2021 issued an Assignment to Garnishee Fifth Third Bank, National Association, recorded in the filings of the Secretary of State of Delaware, Full Filing Numbers 2021 4651767 and 2021 4651676. Mosaic Fertilizer similarly on November 30, 2021 issued an amendment of a financing agreement with Truist Bank (its equipment financing and leasing corporations) recorded in the filings of the Secretary of State of Delaware, Full Filing Numbers 2021 9661126  2021 8347230. By normal commercial practice required by lenders, by information and belief Mosaic Fertilizer also is required to keep and does keep accounts with Garnishees Fifth Third Bank, National Association and Truist Bank.

### Count I – Breach of Maritime Contract

23. SwissMarine incorporates the above paragraphs as if fully set forth herein.

24. Mosaic Fertilizer breached its maritime contracts with SwissMarine as set out

above. Despite repeated demand, SwissMarine remains unpaid.

25. SwissMarine therefore demands judgment, as set out more fully below.

### Count II: Maritime Attachment and Garnishment (Rule B)

26. SwissMarine incorporates the above paragraphs as if specifically set forth herein.

27. SwissMarine seeks issue of process of maritime attachment so that it may obtain payment for the amounts due to it under the Charter.

28. No security for SwissMarine's claims has been posted by Mosaic Fertilizer or anyone acting on its behalf to date.

29. Mosaic Fertilizer cannot be found within this District within the meaning of Rule B, but is believed to have, or will have during the pendency of this action, property and/or assets in this jurisdiction consisting of cash, funds, freight, hire, and/or credits in the hands of Garnishees in this District.

### Prayer for Relief

WHEREFORE, SwissMarine prays:

A. That in response to Count I, process of maritime attachment be issued to garnish and attach property of Mosaic Fertilizer in the principal amount of at least $1,060,139.95, plus interest, all costs of these proceedings and of the arbitration of a further $200,000 for a total amount of **$1,260,139.95** as detailed above;

B. That in response to Count II, since Defendant cannot be found within this District pursuant to Supplemental Rule B, this Court issue an Order directing the Clerk to issue Process of Maritime Attachment and Garnishment pursuant to Rule B attaching all of Mosaic Fertilizer's tangible or intangible property or any other funds held by Garnishee up to the amount of at least the amount demanded herein to secure SwissMarine's claims, and that all persons claiming any

interest in the same be cited to appear and, pursuant to Supplemental Rule B, answer the matters alleged in the Verified Complaint;

      C.      That as provided in Supplemental Rule B, that such person over 18 years of age be appointed as moved for herein pursuant to Supplemental Rule B and Fed. R. Civ. P. 4(c) to serve the garnishment writs as issued by this Court;

      D.      That pursuant to Supplemental Rule B(a)(b) the Clerk issue supplemental process enforcing this Court's Order to issue the Rule B writs upon application without further Court order; and

      E.      That this Court award SwissMarine such other and further relief that this Court deems just and proper.

Dated:  April 14, 2022.

          */s/ Joseph D. Austin*
          Joseph D. Austin
          State Bar No. 24101470
          joseph.austin@kellyhart.com
          KELLY HART & HALLMAN, LLP
          201 Main Street, Suite 2500
          Fort Worth, Texas 76102
          Telephone: (817) 332-2500
          Telecopy: (817) 878-9280

          J. Stephen Simms
          (*pro hac vice to be filed*)
          jssimms@simmsshowers.com
          Simms Showers LLP
          201 International Circle, Suite 250
          Baltimore, Maryland 21030
          Telephone: (410) 783-5795
          Facsimile: (410) 510-1789
          SwissMarine Counsel

## **VERIFICATION**

I am a Principal of the law firm Simms Showers LLP, counsel to SwissMarine.

The facts alleged in the foregoing complaint are true and correct to the best of my knowledge and information based upon the records of SwissMarine made available to me by SwissMarine.  Swissmarine's authorized officers are not readily available in this District to make verifications on Swissmarine's behalf.  I am authorized to make this verification on Swissmarine's behalf.

I further certify that, pursuant to Supplemental Rule B, I caused a search to be made of electronic records and Directory Assistance for addresses and telephone numbers in this District.  I also searched the records of the Texas Secretary of State.  There is no record of any general or resident agent authorized to accept service of process for defendant Mosaic Fertilizer in this District.

> Pursuant to 28 U.S.C. § 1746(1), I solemnly declare under penalty of perjury that the foregoing is true and correct.
>
> Executed on April 14, 2022.
>
> */s/ J. Stephen Simms*
> J. Stephen Simms
> Simms Showers LLP
> 201 International Circle
> Baltimore, Maryland 21030
> Tel:  410-783-5795
> Email: jssimms@simmsshowers.com